UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| STEPHEN WETHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 09-284-ART |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The plaintiff, Stephen Wethington, filed an action in this Court challenging the Commissioner of Social Security's ("Commissioner") denial of his application for disability benefits. R. 1. The Court reversed the Commissioner's decision and remanded Wethington's case to the Social Security Agency for further proceedings. R. 16 & 17. Wethington then filed a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. R. 18. The Commissioner did not object to Wethington's motion. R. 19.

On September 14, 2010, this Court decided *Turner v. Astrue*, No. 08-391, slip op. (E.D. Ky. Sept. 14, 2010). In *Turner*, the Court held that a Social Security claimant who is under no legal obligation to pay his attorney anything at the time the district court remands his case to the agency is not entitled to an EAJA award because he has not "incurred" any attorney's fees. *Id.* at 11-20. The Court fully incorporates *Turner*'s reasoning into this Order, and the Court will direct the Clerk to attach a copy of the *Turner* slip opinion to this Order.

Under the rationale of *Turner*, Wethington is not entitled to an EAJA award because he has not "incurred" any attorney's fees. Wethington's fee agreement with his attorney clearly states: "If I **DO NOT** get money from Social Security, there will be **NO** fee." R. 18, Attach. 3 (emphasis in original). The Court merely remanded Wethington's case to the Social Security Agency—it did not award Wethington benefits. Because Wethington has not received money from the Social Security Agency, under the clear terms of the fee agreement, he is under no current legal obligation to pay his attorney anything. As such, he has not "incurred" attorney's fees within the meaning of the EAJA. Therefore, his application must be denied.

For these reasons, it is **ORDERED** that Wethington's motion for attorney's fees and costs pursuant to the EAJA, R. 18, is **DENIED**. The Clerk of the Court shall attach a copy of the Memorandum Opinion & Order entered on September 14, 2010, in *Turner v. Astrue*, No. 08-391, to this Order.

This the 14th day of September, 2010.

Signed By:
*Amul R. Thapar*
United States District Judge